United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30928

MYRTLE VANDERBILT,

Plaintiff–Appellant,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:05-CV-891

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this social security case, the district court accepted Myrtle Vanderbilt's arguments on the merits, reversed the Commissioner's decision and remanded the case to an administrative law judge ("ALJ"). Vanderbilt nevertheless appeals, contending the district court erred by denying her interim benefits. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Vanderbilt was found to be "disabled" under the Social Security Act effective October 15, 1976 and received supplemental social security income payments for some 25 years. On August 23, 2001, she filed a successful application with the Commissioner for disability insurance benefits.

In November of 2001, during a regular review, the Commissioner determined that Vanderbilt was no longer disabled as of November 1 and that she would lose all benefits as of January 31, 2002. Vanderbilt filed a request for reconsideration, which was denied, and then sought a hearing before an ALJ, requesting that her benefits continue on an interim basis pending final resolution of her case. Under 42 U.S.C. § 423(g)(1) and the relevant regulations, those benefits were awarded. A hearing was held on August 19, 2004, and the ALJ ruled against Vanderbilt on October 28. The Commissioner's Appeals Council denied her request for review on April 1, 2005.

On May 26, 2005, Vanderbilt brought this 42 U.S.C. § 405(g) action in the Western District of Louisiana for judicial review of the administrative decision. In addition to her substantive challenges to that decision, she requested the immediate award of interim benefits pending the eventual conclusion of her case on remand. After briefing, a magistrate judge issued a detailed report and recommendation on June 19, 2006, finding merit in two of Vanderbilt's arguments and suggesting that the case be remanded to the ALJ. In a footnote, the magistrate judge stated that he did not "find that interim benefits are warranted at this point." Vanderbilt objected to the report only inasmuch as it denied her interim benefits. On August 10, 2006, the district court adopted the findings and conclusions of the magistrate judge and ordered a reversal and remand to the administrative system. It did not directly address Vanderbilt's request for interim benefits. Vanderbilt then timely appealed this aspect of the decision below. The commissioner has not cross-appealed.

II.

Vanderbilt argues that the district court abused its discretion by failing to award her interim benefits immediately. A court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (partially superceded by statute as noted in De La Fuente v. DCI Telecomms., Inc., 259 F. Supp. 2d 250, 257 n.4 (S.D.N.Y. 2003)).

Vanderbilt first contends that the district court somehow created an intra-district "split" when it denied her interim benefits because such benefits have been awarded in other cases heard in the Western District of Louisiana. We reject this argument because granting or denying interim benefits on a case-by-case basis in reliance on the facts and equities involved in each individual case is the express duty of the reviewing court; it manifestly does not constitute a split of legal authority.

Next she argues that because her due process rights were violated in the challenged administrative decisions, she merits an immediate award of interim benefits. Citing an out-of-circuit district court case, she contends that an immediate award is the proper remedy after a due process violation because it avoids further delay by the Commissioner. See Nieves v. Barnhart, 2004 WL 2569488, at *10 (S.D.N.Y.). In that case, the court found that there had been significant, unreasonable delay attributable to the Commissioner; we see no evidence of such delay in this case.[1]

---

[1] Indeed, the immediate cause of the delay is most attributable to Vanderbilt herself. Once the case is back before an ALJ, she may be eligible for interim benefits. See 42 U.S.C. § 423(g); 20 C.F.R. §§ 404.1597a(i), 416.996(e)(4).

In sum, having reviewed Vanderbilt's arguments and the administrative record in detail, we are convinced that the district court did not abuse its discretion in refusing to order an immediate payment of interim benefits.

III.

For the foregoing reasons, the judgment of the district court is hereby

AFFIRMED.